UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID J. DEJEU,<br><br>              Plaintiff,<br><br>  v.<br><br>LEWIS COUNTY, et al.,<br><br>              Defendants. | CASE NO. C20-5176 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on Defendants Lewis County, Lewis County District Court John Doe Employees, and Lewis County Risk Management John Doe Employees' ("Defendants") motion to dismiss. Dkt. 8. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion for the reasons stated herein.

**I.  PROCEDURAL AND FACTUAL BACKGROUND**

On February 26, 2020, Plaintiff David Dejeu ("Dejeu") filed a civil rights complaint against numerous Defendants, including numerous John Doe Employees. Dkt. 1. That same day, Dejeu filed a motion to compel requesting the Court order the named

1  defendants to identify the John Doe Employees. Dkt. 4. On April 6, 2020, the Court

2  denied Dejeu's motion to compel. Dkt. 5.

3       On April 17, 2020, Defendants filed a motion to dismiss for failure to state a claim

4  pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 8. Dejeu responded on May 4, 2020. Dkt. 11.

5  On May 12, 2020, Defendants replied. Dkt. 12. Dejeu filed a surreply on May 28, 2020.

6  Dkt. 13[1].

7       The Court briefly summarizes the facts described in Dejeu's complaint and the

8  documents attached thereto. On December 17, 2018, Dejeu received two traffic

9  infractions for driving a motor vehicle without a valid license and for operating a motor

10 vehicle without insurance. Dkt. 1-1 at 1–2. The Parties dispute whether Dejeu responded

11 properly and timely to the notice of traffic infractions. Dejeu alleges that he responded

12 within nine days to the notice of infractions through a Motion to Dismiss filed in Lewis

13 County District Court. Dkt. 1; *see also* Dkt. 1-1 at 4–17. Defendants represent that Dejeu

14 did not properly respond within fifteen days to the notice of traffic infractions as required

15 under RCW 46.63.070. Dkt. 8.

16      Dejeu received a notice on January 29, 2019 that he had failed to respond to the

17 notice of infraction within fifteen days and was required to make full payment of the

18 infractions plus a penalty within 30 days. Dkt. 1-1 at 18. Dejeu did not make payment

19 and replied to the notice of payment through a letter to the Lewis County District Court

20

---

21     [1] This surreply is stricken because it fails to comply with the local rules. *See* Local Rules W.D. Wash. LCR 7(g) (surreply may only request that the Court strike material improperly
22 submitted with a reply).

ORDER - 2

on February 3, 2019. *Id.* at 20–21. Dejeu received notice that collection of Dejeu's monetary penalty was assigned to Dynamic Collectors, Inc. on March 8, 2019. *Id.* at 23.

Dejeu then filed a tort claim with Lewis County against Lewis Country District Court, alleging a violation of Dejeu's due process rights, on May 12, 2019. *Id.* at 32–33, 35. Lewis County and Lewis Country Risk Management did not respond to Dejeu's claim. Dkt. 1.

Dejeu filed the instant action against Defendants on February 26, 2020 alleging a conspiracy among Defendants to violate Dejeu's due process rights under the Fifth and Fourteenth Amendments and his Sixth Amendment right to a fair trial in violation of 18 U.S.C. § 241, as well as violations of 42 U.S.C. §§ 1981, 1983, and 1985 and 25 C.F.R. § 11.404. *Id.*

## II.  DISCUSSION

**A.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.     Analysis**

Defendants move to dismiss Dejeu's claims for failure to state a claim. The Court agrees with Defendants on this issue because Dejeu fails to provide "a short and plain statement of [each] claim showing that [he] is entitled to relief" for his five claims.  Fed. R. Civ. P. 8(a)(2).

First, Dejeu alleges a conspiracy among Defendants in violation of 18 U.S.C. § 241, specifically that Defendants conspired together "to unlawfully secure revenue for the County" from Dejeu. Dkt. 13. 18 U.S.C. § 241 is a criminal statute and provides no basis for civil liability. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

Dejeu additionally alleges a violation of 25 C.F.R. § 11.404. Defendants are correct in that Part 11 of Title 25 applies only to Indian Country where Courts of Indian Offenses are established by the Bureau of Indian Affairs. *See* 25 C.F.R. §§ 11.100, 11.104. As such, the Regulation does not apply to this Court, and Dejeu may not sustain a claim.

While Dejeu originally alleged a violation of 42 U.S.C. § 1981, the Parties agree that § 1981 is not applicable in this case. *See* Dkt. 8 at 9; Dkt. 11 at 4–5.

Dejeu next alleges that Defendants acted in violation of 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right privilege, or immunity secured by the Constitution or laws of the

1  United States. *Parratt v. Taylor*, 541 U.S. 527, 535 (1981). Section 1983 is the

2  appropriate avenue to remedy an alleged wrong only if both elements are present.

3  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

4  And "[w]hile local governments may be sued under § 1983, they cannot be held

5  vicariously liable for their employees' constitutional violations." *Gravelet-Blondin v.*

6  *Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To state a claim against a municipality

7  under § 1983, a plaintiff must allege sufficient facts to support a reasonable inference that

8  the execution of a policy, custom, or practice was the "moving force" that resulted in the

9  deprivation of his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–

10 92 (1978). Because a municipality may not be sued under a *respondeat superior* theory,

11 "[a] plaintiff must therefore show '*deliberate* action attributable to the municipality [that]

12 directly caused a deprivation of federal rights.'" *Horton by Horton v. Cty. of Santa*

13 *Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (quoting *Bd. of Cty. Comm'rs v. Brown*, 520

14 U.S. 397, 415 (1997)) (emphasis in original).

15 Even liberally construing Dejeu's complaint, he fails to allege facts to support a

16 reasonable inference that deliberate action attributable to Lewis County directly caused a

17 deprivation of federal rights. Dejeu was charged with two traffic infractions and failed to

18 respond to the notice of infraction in Lewis County's prescribed manner. To state a claim

19 against Lewis County, Dejeu must allege actions attributable to Lewis County, which of

20 the actions violated his Fifth, Sixth, and Fourteenth Amendments rights, and how those

21 events are the result of Lewis County's policy, custom, or practice.

22

1    Finally, Dejeu alleges Defendants conspired to interfere with his civil rights under
2    42 U.S.C. § 1985(2) and (3). Section 1985(2) prohibits conspiracy "to deter, by force,
3    intimidation, or threat, any party or witness in in any court of the United States" from,
4    *inter alia*, attending court or testifying and additionally prohibits conspiracy to obstruct
5    due course of justice in state court. 42 U.S.C. § 1985(2). The actions that Dejeu alleges
6    occurred in state court and Dejeu does not allege any actions occurring in federal court;
7    as such, the first prohibited act of § 1985(2) does not apply to his claims.

8    The second of the prohibited acts of § 1985(2) proscribes a conspiracy to deny or
9    hinder "the due course of justice" in any State with "with intent to deny to any citizen the
10   equal protection of the laws." *Id.* Because of the "equal protection" language found in the
11   second clause, a § 1985(2) state claim requires "an allegation of class-based animus for
12   the statement of a claim under that clause." *Portman v. Cnty. of Santa Clara*, 995 F.2d
13   898, 909 (9th Cir. 1993) (internal citation omitted); *accord Griffin v. Brekenridge*, 403
14   U.S. 88, 102 (1971). Dejeu has failed to allege class-based animus that resulted in the
15   alleged conspiracy that denied him justice in state court.

16   Section 1985(3) prohibits conspiracies to deprive any person or class of persons
17   equal protection of the law. Again, the "equal protection" language is interpreted to
18   require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus
19   behind the conspirators' action." *Griffin*, 403 U.S. at 102. Dejeu failed in his § 1985(3)
20   claim to allege a race or class-based animus that is behind the conspiracy as well.

21   Thus, the Court grants Defendants' motion to dismiss.

22

**C.     Remedy**

Before the Court may dismiss the complaint for failure to state a claim, it "must provide the pro se litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted, though, "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

Defendants seek to have Dejeu's complaint dismissed with prejudice, Dkt. 8 at 2, but fail to address whether amendment would be futile. The Court finds that as to Dejeu's § 1983 and § 1985 claims, Dejeu could possibly state a claim. As to Dejeu's 18 U.S.C. § 241, 48 U.S.C. § 1981 and 25 C.F.R. § 11.404 claims, amendment would be futile. Therefore, the Court grants Dejeu leave to amend his complaint only for his § 1983 and § 1985 claims against Defendants and dismisses the remainder of his claims with prejudice.

/

/

/

/

/

/

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 8, is **GRANTED** and Dejeu is **GRANTED** leave to amend. An amended complaint shall be filed no later than August 28, 2020. Failure to timely file an amended complaint or otherwise respond will result in dismissal without prejudice.

Dated this 11th day of August, 2020.

BENJAMIN H. SETTLE
United States District Judge