FILED LODGED
RECEIVED
AUG 26 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

David J Dejeu,
Plaintiff,
v.

LEWIS COUNTY, LEWIS COUNTY DISTRICT COURT JOHN DOE EMPLOYEES, LEWIS COUNTY OFFICE OF RISK MANAGEMENT JOHN DOE EMPLOYEES
Defendant,

Case No. 3:20-cv-05176BHS

PLAINTIFF'S AMENDED COMPLAINT

David J. Dejeu ( Dejeu ) Pro Se, an American Citizen Man, a Natural Person is filing a complaint against Lewis County Office of Risk Management, Lewis County District Court ( LCDC ) and all of their involved John, and/or Jane doe ( John Doe ) employees for conspiracy against his reserved rights, being the violations of Dejeu's due process rights under the 5th, and possibly 14th Amendments, and to a fair hearing under the 6th Amendment. Dejeu has grounds to sue Lewis County and it's John Doe employees as a result of the Rights violations against him listed in this complaint under 42 US Code § 1983, and § 1985, giving the Federal Courts jurisdiction under 28 US Code § 1343.

Questions:

1. Was Dejeu denied his right to Due process and to a fair Hearing?

2. Were the John Doe Lewis County employees conspiring against Dejeu's rights?

3. Were the John Doe Lewis County employees attempting to steal Dejeu's money through fraud, extortion and/or threats, Abuse of Process / Malicious prosecution?

Dejeu was pulled over on 12/17/2018 and received two traffic tickets, Infraction Nos. 8Z1158423 & 8Z1158424 ( Exs. A & B ). According to the tickets and Lewis County District Court Dejeu had 15 days in which to respond. Dejeu responded within 9 days with the original Tickets and a Motion to Dismiss document ( Ex. D ) via Certified Mail to the District Court, and via Certified Mail with a Return Receipt to the Prosecutor ( Ex. C ), all of which they received on the 11th day. Dejeu's Motion to Dismiss consisted of various jurisdictional and conflict of interest challenges, and other reasons to dismiss, but they all went ignored. Being that Dejeu challenged jurisdiction he did not enter, or even intend to enter a plea until and only if the state court could first prove it even had jurisdiction over him and the matter; especially being that he did not commit a crime, or damage, or deprive, or endanger anyone, and was not contractually liable for anything. Dejeu simply chose to remain silent while waiting for proof of jurisdiction,

of which is his right to do if he chooses, but then without proof of jurisdiction and never being allowed to defend himself, he was unreasonably, unfairly, and illegally judged to be guilty for it.

About 34 days later Dejeu received two letters containing various threats, in two separate envelopes on the same day from Lewis County District Court, both titled FINAL NOTICE, dated 01/29/2019 ( Exs. E & F ), and each informing Dejeu that he failed to respond to a notice of infraction within 15 days. Dejeu thought that was strange because he was well within time, he even mailed 2 separate court departments, and he received the Return Receipt which the court signed for. Dejeu tracked his certified mail and found that both of his mailings were signed for and received by the court on 12/28/2018 at 8:35 and 10:36 am. Dejeu then mailed the District Court a letter titled Reply to Final Notice, dated 02/03/2019 ( Ex. G ), in which he showed them that he did respond within the allotted time, and Dejeu also attached copies of all of the same originally mailed documents once more. They did not respond, so after about 23 days, on 03/01/2019 Dejeu again contacted the court at the email address provided by the Washington State Courts website. This time it was via email to the Court Clerk at scott.tinney@lewiscountywa.gov and the email went through ( Ex. H ).

They again did not respond, but instead Dejeu received collection letters from DYNAMIC COLLECTORS, INC also located in Chehalis, Washington, of which he also repeatedly challenged ( Exs. I through Q ); then those letters stopped being mailed to Dejeu as well. They claim that Dejeu owes them and the Lewis County District Court over $1,807 with the threat of interest. Lastly, to even further strengthen Dejeu's claim of a conspiracy against his rights, he then filed a Tort claim against Lewis County and it's John Doe employees with the Lewis County Office of Risk Management, but they also have never responded and have ignored all of Dejeu's letters ( Exs. R through V ).

These are violations of 42 US Code § 1983 because the conduct of the Lewis County employees happened while they were acting under color of law, and they deprived Dejeu of his 5th, 6th, and 14th Amendment rights. Lewis County has either a bad policy, custom, or practice among their judges, because upon looking at their web site, it appears that LCDC has two District Court Judges without a Chief Judge to supervise and ensure accountability; the proof being that so far they got away with what they did to Dejeu. LCDC does have a lead Prosecutor, which shows either bad policy, custom, or practice among their prosecutors, because LCDC has been experiencing a shortage of them over the years, and the ones that are there with direct knowledge of Dejeu's case unreasonably, unfairly, and illegally ignored documents without consequence. The chain of events and all of this indifference, even among the clerk(s) and Risk

Management employee(s) whom all swore their Oaths of Office and are accountable to the people they serve, points to Lewis County's bad policy, custom, and/or practice by allowing these things to ever happen and to continue.

Looking at the chain of events, under 42 US Code § 1985 (2) & (3) there were two, or more Lewis County John Doe employees conspiring against Dejeu for the purpose of impeding, hindering, obstructing, or defeating, in any manner, due course of justice with the intent to deny him ( any citizen ) equal protection of the laws by not allowing him to defend himself, while attempting to steal money from him, and under (3) they also did it indirectly through the use of law enforcement on the roads, and attempting to and remaining hidden as John Doe employees, and under both (2) & (3) there was a minority and class based animus because Dejeu is part of a minority or class of self represented people who try to legally defend themselves, and he got attacked for it. Lastly (3) also makes it clear, showing that they cannot directly or indirectly deprive any person or class of persons...any right or privilege of a citizen...the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. Dejeu was deprived by Lewis County employees of his aforementioned rights, making this Code & sections also applicable.

Please *see all documents to and from the court ( exhibits are marked as Ex. A through V and are in chronological order ).*

Conclusion:

The John Doe Lewis County employees attempted to extort and defraud Dejeu of his hard earned money without any trial or hearing, all while knowing that he was fighting on his own, is not an attorney, and was and still is attempting to legally defend himself. The judges, acting against their Oaths of Office and the Codes of Judicial Conduct did not display neutrality, but instead proceeded while ignoring jurisdictional and conflict of interest challenges and went straight after Dejeu's money. Instead and if able they legally could and should have proven, or had prosecutors prove jurisdiction / criminal, or civil liability, resolved conflicts of interest issues, entered a plea of Not Guilty on Dejeu's behalf, entertained his Motion to Dismiss, and gave him his rightful day in court, or dismissed the case. The prosecutor(s) should have performed their duties by responding to Dejeu's Motion to Dismiss and by disproving Dejeu's claims, or dropping the charges, but instead acted contrary to their Oaths of Office and the Codes of Professional conduct. The clerk(s) were conveniently able to mail extortion letters to Dejeu, but not respond to his questions sent via multiple letters and / or forward them to the proper court departments; especially because every John Doe was in hiding, while the Office of Risk Management John Doe employees altogether ignored Dejeu as well. Depriving Dejeu of his rights are not judicial, nor prosecutorial functions.

All of these unreasonable, unfair, and illegal actions against Dejeu by the several public servants

show that they used bad policy, custom, and/or practice by collaborating together through corruption, deceit, and lawlessness to steal money from Dejeu. The only thing that they did not do to help prove Dejeu's claims was to openly admit it, but nevertheless the chain of events and their actions expose their illegal revenue generating agendas. Simply put, LCDC's behavior says forget about the arguments, just pay us because we said so.

Dejeu, based on other cases is reasonably asking for nominal damages of $1.00 and punitive damages of $50,000 per employee involved in the violations against Dejeu, $10,000 for every court appearance, or brief filed, and that Lewis County be held liable, being that several employees from it's different departments are involved, which shows deep corruption, indifference, bad policy, custom, and/or practice within the County itself. If this Court decides that Lewis County should not be held liable then Dejeu will need to find out the names of the involved Lewis County John Doe employees, either through Discovery, or Court Order.

Dated 08/23/2020

Rights Reserved UCC 1-308
David J. Dejeu
1310 NW State Ave, #81
Chehalis, Washington 98532
Email: djdhms@gmail.com Phone: 206-578-2744

FILED LODGED RECEIVED
AUG 26 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY DEPUTY

**CERTIFICATE OF SERVICE**

I hereby certify that on 08/24/2020 I caused to be filed the foregoing PLAINTIFF'S AMENDED COMPLAINT with the clerk of the court through the US Postal Service I have in the same way sent copies of such filings to the following:

Defendants,

LEWIS COUNTY PROSECUTING ATTORNEY'S OFFICE
Attention: Cullen R. Gatten WSBA # 48414
345 W. Main Street, 2nd Floor
Chehalis, WA 98532
Phone: 360-740-1240

Rights Reserved UCC 1-308
David J. Dejeu 
1310 NW State Ave, #81
Chehalis, Washington 98532
Email: djdhms@gmail.com Phone: 206-578-2744

From: David Dejeu
1310 NW State Ave, #81
Chehalis, Washington 98532

CERTIFIED MAIL
7015 0640 0006 5145 6679

UNITED STATES POSTAGE
PITNEY BOWES
02 1P
$ 004.75⁰
0004724302 AUG 24 2020
MAILED FROM ZIP CODE 98539

TO: Clerk, United States District Court
U.S. Courthouse
1717 Pacific Ave, Room 3100
Tacoma, Washington 98402

FILED
LODGED
RECEIVED
AUG 26 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY
DEPUTY