1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID J. DEJEU,

                Plaintiff,

    v.

LEWIS COUNTY, et al.,

                Defendants.

CASE NO. C20-5176 BHS

ORDER GRANTING
DEFENDANTS' SECOND
MOTION TO DISMISS

13

14

15

       This matter comes before the Court on Defendants Lewis County, Lewis County

District Court John Doe Employees, and Lewis County Risk Management John Doe

Employees' ("Defendants") second motion to dismiss. Dkt. 17.

16

17

18

19

20

21

       On August 11, 2020, the Court granted Defendants' first motion to dismiss and

granted leave for Plaintiff David Dejeu ("Dejeu") to amend his 42 U.S.C. §§ 1983 and

1985 claims against Defendants. Dkt. 15. On August 26, 2020, Dejeu filed an amended

complaint. Dkt. 16. On September 17, 2020, Defendants filed a second motion to dismiss.

Dkt. 17. On October 6, 2020, Dejeu responded. Dkt. 19. On October 22, Defendants

replied. Dkt. 22.

22

1    As a preliminary matter, Dejeu asserts in his response that Defendants' motion to

2 dismiss is untimely and that therefore the Court should deny the motion. Dkt. 19 at 1–2.

3 The Federal Rules of Civil Procedure dictate that a Rule 12(b)(6) motion must be made

4 before any response pleading is filed. Fed. R. Civ. P. 12(b). Here, Defendants filed their

5 motion before filing their answer, Dkt. 20, on September 17, 2020. The Court does not

6 find Defendants' motion to be untimely and will therefore consider its contents.

7    In its previous order, the Court found that Dejeu had failed to state a § 1983

8 *Monell* claim against Defendant Lewis County because he did not "allege actions

9 attributable to Lewis County, which of the actions violated his Fifth, Sixth, and

10 Fourteenth Amendments rights, and how those events are the result of Lewis County's

11 policy, custom, or practice." Dkt. 15 at 5. In his amended complaint, Dejeu alleges that

12 Lewis County has "a bad policy, custom, or practice" among judges, prosecutors, clerks,

13 and risk management employees. Dkt. 16 at 4–5. Dejeu further alleges that the "bad"

14 policies, customs, or practices deprived him of his Fifth, Sixth, and Fourteenth

15 Amendment rights.

16    Defendants argue, and the Court agrees, that Dejeu has failed to allege facts to

17 support a reasonable inference that deliberate action attributable to Lewis Country

18 directly caused a deprivation of federal rights. *See Horton by Horton v. Cty. of Santa*

19 *Maria*, 915 F.3d 592, 603 (9th Cir. 2019) ("[a] plaintiff must therefore show '*deliberate*

20 action attributable to the municipality [that] directly caused a deprivation of federal

21 rights'") (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 415 (1997)) (emphasis in

22 original). Dejeu was charged with two traffic infractions and failed to respond to the

1   notice of infraction in Lewis County's prescribed manner. He does not allege any

2   deliberate actions taken by Lewis County based on a policy that caused a deprivation of

3   rights. Rather, Dejeu alleges that "bad" policies exist, which resulted in a deprivation.

4   The Court therefore finds that Dejeu has failed to state a § 1983 *Monell* claim.

5        The Court also found previously that Dejeu failed to state a claim under 42 U.S.C.

6   § 1985(2) and (3). *See* Dkt. 15 at 6. The Court found that the first prohibited act of § 1982

7   did not apply to Dejeu's claim because it prohibits conspiracies to deter justice in federal

8   court but granted Dejeu leave to amend his claim under the second prohibited act. The

9   second of the prohibited acts of § 1985(2) proscribes a conspiracy to deny or hinder "the

10  due course of justice" in any State with "with intent to deny to any citizen the equal

11  protection of the laws." 42 U.S.C. § 1985(2). Because of the "equal protection" language

12  found in the second clause, a § 1985(2) state claim requires "an allegation of class-based

13  animus for the statement of a claim under that clause." *Portman v. Cnty. of Santa Clara*,

14  995 F.2d 898, 909 (9th Cir. 1993) (internal citation omitted); *accord Griffin v.*

15  *Brekenridge*, 403 U.S. 88, 102 (1971). Here, Dejeu asserts that he is "part of a minority

16  or class of self represented people who try to legally defend themselves[.]" Dkt. 16 at 5.

17  But Dejeu's asserted class is not a protected class and he "has not alleged that [Lewis]

18  County denied him access to state courts because he was a member of a protected class."

19  *Portman*, 995 F.2d at 909.

20       Section 1985(3) prohibits conspiracies to deprive any person or class of persons

21  equal protection of the law. Similarly, to state a claim under § 1985(3) for a non-race-

22  based class, the Ninth Circuit requires "'either that the courts have designated the class in

1    question a suspect or quasi-suspect classification requiring more exacting scrutiny or that

2    Congress has indicated through legislation that the class required special protection.'"

3    *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Schultz v.*

4    *Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985)). "[T]he absence of a section 1983

5    deprivation of rights precludes a section 1985 conspiracy claim predicated on the same

6    allegations." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (citing

7    *Cassettari v. Nev. Cnty.*, 824 F.2d 735, 739 (9th Cir. 1987)). Again, Dejeu's asserted

8    class does not have suspect or quasi-suspect classification by the courts. Therefore, the

9    Court finds that Dejeu's § 1985 claim fails and **GRANTS** Defendants' motion to

10   dismiss.[1]

11       Finally, Defendants assert that granting Dejeu leave to amend his complaint would

12   be futile. Where the plaintiff has previously been granted leave to amend and has

13   subsequently failed to add the requisite particularity to its claims, "[t]he district court's

14   discretion to deny leave to amend is particularly broad." *In re Read–Rite*, 335 F.3d 843,

15   845 (9th Cir. 2003) (quoting *In re Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097–98 (9th

16   Cir. 2002)). In this case, the Court has previously granted Dejeu leave to amend, and

17   Dejeu has not alleged any new, plausible facts upon which relief can be granted. The

---

[1] Defendants raise the issue of whether Dejeu's amended complaint is a de facto appeal of the state court's judgment. *See* Dkt. 17 at 7–9. Though the Court need not decide on this issue because it has found that Dejeu has failed to state a claim, the Court notes that, to the extent Dejeu is attempting to appeal the imposition of fines, such appeals are barred by the *Rooker-Feldman* doctrine.

Court agrees with Defendants that amendment would be futile and denies Dejeu leave to amend.

Therefore, the Court **DISMISSES** Dejeu's complaint without leave to amend, and the Clerk shall close this case.

**IT IS SO ORDERED.**

Dated this 9th day of November, 2020.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5