UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID J. DEJEU,

                Plaintiff,

  v.

LEWIS COUNTY, et al.

                Defendants.

CASE NO. C20-5176 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff David Dejeu's motion for reconsideration. Dkt. 25.

On November 9, 2020, the Court granted the Defendants' second motion to dismiss, finding that Dejeu failed to allege facts to support his § 1983 *Monell* claim and 42 U.S.C. § 1985(2) and (3) claims. Dkt. 23. On November 25, Dejeu filed the instant motion requesting reconsideration or leave to amend. Dkt. 25.

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ORDER - 1

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Here, Dejeu has failed to establish that he Court committed any error in dismissing his case without leave to amend. The Court previously granted the Defendants' motion to dismiss because Dejeu failed to allege facts to support a reasonable inference that deliberate action attributable to Lewis County directly caused a deprivation of federal rights for his § 1983 claim and because being a pro se or self-represented party is not a protected class for his § 1985 claims. *See* Dkt. 23 at 2–4. The Court denied leave to amend as Dejeu had previously been granted leave to amend and had failed to allege any new facts that would entitle him to relief. *Id.* at 4. Dejeu asserts that he did allege sufficient facts to state a § 1983 claim against the Defendants but fails to establish how the Court committed clear error in holding otherwise. Additionally, Dejeu reasserts his argument that pro se and self-represented parties are a protected class, which is an

insufficient basis for reconsideration. Dejeu has failed to meet his burden to establish a manifest error in the Court's dismissal of this case without leave to amend.

Therefore, the Court **DENIES** Dejeu's motion for reconsideration.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2020.

BENJAMIN H. SETTLE
United States District Judge